[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Bringing forth two assignments of error, defendant-appellant, Darryl Hayes, appeals the imposition of an agreed sentence.[1] Concluding that the agreed sentence was not authorized by law, we remand this case to the trial court to modify the sentence.
On July 25, 2000, Hayes was indicted for trafficking in marijuana in violation of R.C. 2925.03, with a firearm specification, and possession of marijuana in violation of R.C. 2925.11, also with a firearm specification. On December 5, 2000, Hayes entering a plea agreement with the state, pleaded guilty to possession of marijuana, and agreed to a five-year sentence in addition to a one-year sentence for an outstanding probation violation. In exchange, the state reduced the possession-of-marijuana charge from a second-degree felony to a third-degree felony and dismissed the remaining charge and specifications. The plea form, signed by Hayes, indicated that no prison term was mandatory. The trial court imposed the agreed sentence as contemplated by the state and Hayes, but the court made the five-year sentence mandatory.
In his first assignment of error, Hayes argues that the trial court erred in making the five-year sentence for possession of marijuana mandatory. We agree.
Normally an agreed sentence that has jointly been recommended by the prosecution and the defendant is not subject to appellate review and modification when that sentence is authorized by law.[2] Here, we hold that the agreed sentence was not authorized by law and thus is subject to review by this court. R.C. 2925.11(C)(3)(e) provides that when possession of marijuana is a felony of the third degree, as it was here, there is a presumption of a prison term, but there is no provision for making the prison term mandatory, as there is when possession of marijuana is a second-degree felony. Accordingly, the trial court, as a matter of law, cannot impose a mandatory sentence for possession of marijuana as a third degree felony. As the sentence imposed by the trial court was unauthorized by law, that sentence must be vacated and this cause remanded to the trial court for resentencing in accordance with law. The first assignment of error is well taken.
In his second assignment of error, Hayes argues that the trial court erred in not finding Hayes indigent and in fining him $5,000. We disagree.
The plea form signed by Hayes indicated that the maximum fine allowable was $10,000, of which $5,000 was mandatory. When Hayes was arrested, the state seized approximately $7,000 in cash from Hayes. At sentencing, Hayes contested the forfeiture of his money and requested a hearing on that matter. As there were other co-defendants whose trials had not been concluded, the forfeiture hearing was to be held at a later date. Because Hayes was making a claim on the $7,000, and there was no other apparent indication of his indigency, we find no error in the trial court's implicit finding that Hayes was not indigent when it imposed the $5,000 mandatory fine. We note that if Hayes's money is eventually forfeited, he may return to court to ask that the fine be remitted. Accordingly, the second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed in part, the sentence is vacated, and cause is remanded with instructions to the trial court to modify the sentence as directed in this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.
[1] The state has not filed an appellate brief in this case. Instead, several days before oral argument, the state filed a motion to dismiss the appeal because the sentence appealed from was an agreed sentence. At oral argument, this court informed the state that it was not going to dismiss the appeal and gave the state the option of submitting an appellate brief. The state indicated that its motion to dismiss contained the same arguments that would have appeared in its appellate brief and declined the opportunity to submit a brief.
[2] R.C. 2953.08(D); State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported.